UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jessica Karim, on behalf of herself and all
others similarly situated,

                        Plaintiffs,

v.

Market Warehouse, Inc.,

                        Defendant.

_____/

**Declaration of Robert D. Moody**

I, Robert D. Moody, declare that I have read the foregoing instrument and the facts and information stated in it are true and correct to the best of my knowledge. I am personally acquainted with the facts stated herein.

1. I am the President, CEO, and Founder of Forensic Data Services, Inc. (d/b/a FDS Global) (hereafter referred to as FDS) which is based in Broward County, Florida.

2. My company was retained by the Law Firm of GABRIEL A. LEVY, P.C., counsel for the benefit of its client, which includes Jessica Karim.

3. The Plaintiff has established that she is visually impaired and asserts her rights under the Americans with Disability Act (ADA).

4. I have been retained to provide consulting services to include auditing of websites which include compliance, usability, and accessibility standards (WCAG 2.0) as well as general functionality analysis for disabled users.

5. My duties with FDS include being the principal investigator and testifying expert.

6. I am certified in the areas of Information Systems Auditing, Information Security, and Computer Forensics. Additionally, I have received training relating to my work in this matter and provide my CV to fully describe my education, Certification, Training, and Testifying background. My CV is attached as **Exhibit 1**.

7. Specific to websites and their functionality, I have experience in the design, layout, coding, auditing, and testing of functionality, security, and operability of websites and their content.

8. Specific to ADA Compliance, I have audited and/or directed, and directly supervised, more than 5000 websites to date. Included in this work are sites for all major industries operating on many different platforms.

9. My work has identified websites that were both WCAG-compliant as well as non-compliant with WCAG.

10. For the websites that were found to be non-compliant, defendants have often relied on my work to bolster their remediation efforts and effectively correct the issues they were facing.

11. In the present matter, FDS with me as the principal investigator, was retained by Plaintiff's counsel on behalf of Plaintiff, a visually impaired user of the internet, to determine whether the website of Market Warehouse, Inc., https://www.chefsarsenal.com/, had issues that could not be overcome and as such these issues acted as barriers to their use and enjoyment of the website.

12. My audit of this website included three distinct components. These components are:

    a. Evaluation of claims made by Plaintiff.

    b. Independent review of the website as it relates to compliance with WCAG 2.0/2.1.

    c. Independent, automated evaluation of the website's code thus identifying errors or issues that would serve as barriers for disabled users.

13. The Plaintiff identified several specific issues that served as barriers to their use and enjoyment of the site. These issues included:

    a. Landmarks were not properly inserted into the home page. The Plaintiff tried to navigate the home page using landmarks but could not access its main regions because of inaccurate landmark markup.

    b. Heading hierarchy was not properly defined, and there were missing heading levels. As a result, quick navigation through headings on the website did not help the Plaintiff effectively find the content and understand the logical structure of the home page.

    c. Drop-down menu did not announce how many sub-menu elements it had. As a result, the Plaintiff did not have full information regarding the number of sub-menu elements and could not decide if they should be skipped.

    d. The Category page was reloaded after Plaintiff tried to filter items on it and the keyboard focus moved to the top of the page. As a result, the Plaintiff was confused by the change of context.

    e. The Plaintiff was forced to repeatedly tab through elements with the same destination: the link text of products conveyed similar information and led to the same destinations as interactive images above the links.

    f. The website did not preserve correct keyboard tabbing (reading) order. The Plaintiff perceived different version of the web page, and its layout had incorrect sequence and order of interactive elements.

14. The issues identified by the Plaintiff were verified to exist and serve as barriers for disabled visitors.

15. In FDS' second phase of its audit, I independently evaluated the website on May 23, 2024.

16. In my evaluation of the https://www.chefsarsenal.com/ website, I established that issues with the website do exist and these issues would serve as barriers to individuals with low to no vision.

17. My evaluation of the website identified the following:

    a. Certain elements do not meet minimum color contrast ratio thresholds. This creates a barrier for users to distinguish text and other elements on the page.

    b. Buttons on certain sections of the website did not have accessible text to allow assistive technologies such as screen readers to describe the destination, purpose or function of the element to the user.

    c. Frames on certain parts of the website do not have an accessible name, therefore lacked the context necessary for assistive technologies such as screen readers to describe its content to the user.

    d. Images on certain parts of the webpage did not contain text that properly described the object it represented or it could not be properly interpreted by assistive technologies such as screen readers.

    e. Links on certain parts of the webpage do not contain text that properly described the object it represented, or it could not be properly interpreted by assistive technologies such as screen readers.

    f. Page content of certain sections of the webpage was not contained by landmarks. Such a barrier would cause the website to be more difficult to navigate with a screen reader.

18. Lastly, FDS' third phase of its audit is the application of automated software that evaluates the website's code.

19. To accomplish this last phase of testing, FDS employs software developed by Deque.com. This software is considered a "best in breed" program and employs the latest Artificial Intelligence (AI) to reduce or eliminate both false positives and false negatives.

20. The automated testing of https://www.chefsarsenal.com/ identified 55 issues that would either serve as barriers or prevent disabled users from accessing and enjoying the website.

21. These issues break down as follows:

| Critical | Serious | Moderate | Minor | Color Contrast | Other |
|---|---|---|---|---|---|
| 7 | 21 | 25 | 0 | 2 | 0 |

22. To better understand the categories provided above, the following descriptions are provided:

    a. **Critical** - This issue results in blocked content for people with disabilities, and will partially prevent them from accessing fundamental features or content. This type of issue puts your organization at risk.

    b. **Serious -** This issue results in serious barriers for people with disabilities, and will partially prevent them from accessing fundamental features or content. People relying on assistive technologies will experience significant frustration as a result.

    c. **Moderate -** This issue results in some barriers for people with disabilities but will prevent them from accessing fundamental features or content.

    d. **Color Contrast -** This issue is the result of an organization not ensuring that a proper ratio between the foreground and background of text and pictures is maintained. The proper ratio of 4.5:1 for normal text and 3:1 for large text must be maintained. Failure to meet this standard creates barriers for disabled users, especially visually impaired users.

    e. **Other –** This issue identifies issues that are based on what has been determined as a best practice and when taken into account along with items a. through d., a minor issue could be elevated to a critical or serious barrier.

23. To conclude, taking into account the issues presented by the Plaintiff as well as the independent visual review of the website and the automated testing, It is my expert opinion and with a high degree of scientific certainty that the website https://www.chefsarsenal.com/ has defects that can and will continue to create problems for visually disabled persons, such as the Plaintiff, and that these defects act as a barrier to the effective use and enjoyment of the site for persons with low to no vision.

24. Accordingly, I reserve the right to update, alter, change, delete, and supplement or in the alternative file a supplement to this declaration if provided with additional relevant material.

**DECLARANT FURTHER SAYETH NOT.**

Under penalty of perjury, I hereby affirm that the foregoing statements are true and correct.

*Robert D Moody*
_____
**Robert D. Moody**
**Rmoody@fds.global**


Date:  06/25/2024